Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
Ph: (415) 651-1951
Fax: (415) 956-3233
mark@aoblawyers.com

Attorneys for Plaintiff James W. Downey, Jr.

*E-filing*

FILED
FEB 2 6 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10    0849

EDL

| | |
|---|---|
| JAMES W. DOWNEY, JR, <br><br>Plaintiff, <br><br>v. <br><br>EXPERIAN INFORMATION SOLUTIONS, INC;<br>EQUIFAX INFORMATION SERVICES LLC; and<br>TRANS UNION LLC. <br><br>Defendants. | Case No. <br><br>COMPLAINT <br><br>(Fair Credit Reporting Act<br>15 USC § 1681 *et seq*) <br><br>DEMAND FOR JURY TRIAL |

**Jurisdiction and Venue**

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 et seq. (FCRA). The court has jurisdiction over the FCRA claims pursuant to 15 USC §1681p and over the state law claims pursuant to 15 USC § 1367.

2. Plaintiff brings claims against the defendants credit reporting agencies Experian Information Solutions, Inc. Equifax Information Services LLC and Trans Union LLC . based on violations of the Fair Credit Reporting Act.

## Description of the Case

3. Beginning in mid-2005, plaintiff was the victim of identity theft. The Carlsbad, California police department arrested Michael Long who had in his possession about hundreds of altered California drivers' licenses, and other identification documents. One set of documents belonged to plaintiff. By June 30, 2005, Long had purchased several thousand dollars worth of goods and services at the Four Seasons Aviara Resort in Carlsbad, CA in using plaintiff's ID.

4. Long was sent to state prison at some point, but persons unknown continued to use plaintiff's ID to purchase goods and services.

5. Plaintiff disputed the inaccurate accounts with all three of the defendant credit reporting agencies many times over a period of years.

6. Plaintiff needed to buy a car and house during the last two years, but he could not do so because potential creditors could not access his credit reports.

7. As a consequence, plaintiff has been actually damaged. Plaintiff has also suffered emotional distress as a consequence of defendants' violation of the law.

8. As required by the FCRA, defendants were required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. However, defendants failed to conduct a reasonable reinvestigation of the disputed account.

## The Parties

9. Plaintiff James W. Downey, Jr. is a consumer as defined by 15 USC §1681a(c). Plaintiff is a resident of Encinitas, CA.

10. Defendant Experian is an Ohio corporation with its principal place of business in Costa Mesa, CA. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a (f).

11. Defendant Equifax Information Services LLC is a Georgia corporation with its principal place of business in Atlanta, GA. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a (f).

12. Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, IL.

**First Claim: Defendants' Violations of the Fair Credit Reporting Act, 15 USC § 1681i**

13. Plaintiff incorporates by reference ¶¶ 1 through 12.

14. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A). The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i (a) (2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

15. Within the two years preceding the filing of this complaint, plaintiff notified each of the defendant credit reporting agencies of inaccuracies contained in its reports on plaintiff due to identity theft and asked each of the defendants to reinvestigate and correct the inaccuracies.

16. Each of the defendant credit reporting agencies failed to conduct a proper reinvestigation of the item of information that plaintiff disputed.

17. Each defendant failed to review and consider all relevant information submitted by plaintiff.

18. As a result of the above-described violations of § 1681i, plaintiff has sustained actual pecuniary damages and emotional distress. Plaintiff will suffer additional damages in the future.

19. Plaintiff requests punitive damages pursuant to 15 USC § 1681n (a) (2) against each defendant.

20. Plaintiff requests costs of the action together with reasonable attorney's fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: Defendant Experian's Violations of the California Consumer Credit Reporting Act, California Civil Code § 1785.1 et seq.**

21. Plaintiff incorporates by reference ¶¶ 1 through 12.

22. After plaintiff notified Experian he was a victim of identity theft and starting over three years ago, Experian imposed a security freeze on plaintiff's credit reports. A security freeze as defined by Civil Code § 1785.11.2 (a) is a notice placed in a consumer's credit report that, with certain exceptions, prohibits the credit reporting agency from releasing the consumer's credit report or any information in it without the consumer's express authorization.

23. Civil Code § 1785.11.2 (d) - (j) provides that a consumer has the right to get the security freeze lifted for a particular potential creditor and that the credit reporting agency "shall comply with request no later than three business days after receiving the request."

24. Experian has failed and refused to lift the security freeze in violation of the California Civil Code in spite of numerous requests by plaintiff to do so.

25. As a consequence of the defendant Experian's violations of the California Consumer Credit Reporting Act, plaintiff has been damaged.

26. Plaintiff is entitled to the remedies set forth in Civil Code § 1785.31—actual damages, including pain and suffering, attorney's fees, punitive damages, and injunctive relief.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual damages;

2. Statutory damages;

3. Punitive damages;

4. Costs of the action together with reasonable attorneys fees as determined by the court;

5. Such other relief as the Court may deem proper.

Dated: February 24, 2010     ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated: February 24, 2010.     ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiffs